IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
AT INDIANAPOLIS

| | |
|---|---|
| TRUSTEES OF SHEET METAL WORKERS LOCAL NO. 110 HEALTH FUND<br><br>    Plaintiffs,<br><br>-vs-<br><br>HILTON VENTILATION & INDUSTRIAL COMPANY, LLC,<br><br>    Defendant. | CASE NO. 1:21-cv-2983 |

## COMPLAINT

1. Plaintiffs, the Trustees of the Sheet Metal Workers Local No. 110 Health Fund ("Fund"), are trustees of a multiemployer welfare benefit plan. Defendant, Hilton Ventilation & Industrial Company, LLC ("HVIC"), is an employer obligated to make contributions to the Fund based upon a contractually agreed rate. Plaintiffs bring this action on behalf of the participants and beneficiaries of the Fund for the purpose of collecting contributions and other amounts due to the Fund.

## JURISDICTION AND VENUE

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* (2014). Jurisdiction is conferred upon this Court pursuant to ERISA §§ 502 and 515, 29 U.S.C. §§ 1132 and 1145, as this is a suit against an employer for failing to make required contributions to an employee benefit fund. Jurisdiction is also conferred upon this Court pursuant to Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185(a), as this suit alleges violations of a collective bargaining agreement involving an employer and labor organization.

1

3. Venue is appropriate in this Court under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because Defendant resides within the jurisdiction of the U.S. District Court, Southern District of Indiana.

## THE PARTIES

3. Plaintiffs, the Trustees of the Sheet Metal Workers Local No. 110 Health Fund, are fiduciaries of a Trust Fund created pursuant to LMRA § 302(c)(5), 29 U.S.C. § 186(c)(5), and administered through a Trust Agreement. The Fund is a multiemployer benefit plan and employee welfare plan within the meaning of ERISA §§ 3(1), (37), 29 U.S.C. §§ 1002(1). The Fund is administered by a joint Board of Trustees composed of an equal number of employee and employer representatives, as required by LMRA § 302(c)(5), 29 U.S.C § 186(c)(5).

4. Defendant, Hilton Ventilation & Industrial Company, LLC, is an Indiana limited liability company, with its principal place of business located in Morgan County, Indiana, at 240 Robert Curry Drive, Martinsville, IN 46151. At all relevant times, HVIC was an employer as defined in LMRA § 2(2), 29 U.S.C. § 152(2) and ERISA § 3(5), 29 U.S.C. § 1002(5). Defendant was engaged in interstate commerce and affecting commerce as defined in ERISA § 3(11) and (12), 29 U.S.C. § 1002(11) and (12).

## COMMON FACTS

5. At all relevant times, HVIC manifested assent to the terms of a collective bargaining agreement between the Kentucky Sheet Metal Contractors' Association and Local Union No. 110, International Association of Sheet Metal, Air, Rail, Transportation ("CBA"). A true and accurate copy of the CBA is attached hereto as **Exhibit A**.

6. The terms of the CBA require HVIC to make contributions to the Fund, along with contributions to other employee benefit plans. The CBA also binds HVIC to the terms of the

Fund's Trust Agreement. A true and accurate copy of relevant excerpts of the Fund's Trust Agreement is attached as **Exhibit B**.

7. The Fund's Trust Agreement gives Plaintiffs the authority to collect employer contributions due to the Fund. To ensure employers remit benefit contributions in a timely and orderly manner, Plaintiffs adopted a Delinquency Policy. A true and accurate copy of the Fund's Delinquency Policy is attached as **Exhibit C**.

8. Pursuant to the terms of the CBA, Trust Agreement, and Delinquency Policy, HVIC is required to make monthly contributions to the Fund on behalf of each of its employees in an amount and under the terms set forth in the agreements.

9. The Fund's Delinquency Policy require HVIC to submit all monthly reports and contributions on or before the 10th day of the month after the month in which work was performed. In the event that contributions are not made by the due date, they are delinquent and are subject to late fees and interest.

## COUNT I

**(ERISA Section 515, 29 U.S.C. Section 1145 – Failure to Pay Contributions)**

10. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

11. HVIC has submitted a report of covered work performed in January 2021, but has failed to pay the corresponding contributions due the Fund, in the amount of $2,476.98.

12. HVIC has failed to report and pay the required contributions for the month of January 2021 and all subsequent months.

13. Defendant's actions are in violation of ERISA § 515, 29 U.S.C. § 1145, and Defendant is therefore liable for delinquent contributions, liquidated damages, interest and attorney fees and costs pursuant to ERISA § 502(a)(3) and (g)(2), 29 U.S.C. §1132(a)(3) and (g)(2).

## COUNT II

**(LMRA Section 301, 29 U.S.C. Section 185 – Breach of Contract)**
**(Failure to Pay Contributions)**

14. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

15. HVIC has submitted a report of covered work performed in January 2021, but has failed to pay the corresponding contributions due the Fund, in the amount of $2,476.98.

16. HVIC has failed to report and pay the required contributions for the month of May 2021 and all subsequent months.

17. Defendant's actions are in breach of the CBA, Trust Agreement, and Delinquency Policy, and Defendant is therefore liable for delinquent contributions, liquidated damages, interest and attorney fees and costs pursuant to LMRA § 301, 29 U.S.C. § 185.

## COUNT III

**(ERISA Section 515, 219 U.S.C. Section 1145 – Failure to Pay Liquidated Damages)**

18. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

19. HVIC has failed to pay the required contributions for the month of January 2021 and all subsequent months.

20. As a result, Plaintiffs are entitled to liquidated damages and interest arising from contributions which were not timely reported and paid.

21. Additionally, because of late contributions payments for work performed during July through December 2020, HVIC has accrued liquidated damages totaling $3,190.87.

22. Defendant's actions are in violation of ERISA § 515, 29 U.S.C. § 1145, and Defendant is therefore liable for liquidated damages and interest pursuant to ERISA § 502(a)(3), 29 U.S.C. §1132(a)(3).

## COUNT IV

### (LMRA Section 301, 29 U.S.C. 185 – Breach of Contract)
### (Failure to Pay Liquidated Damages)

23.  Plaintiffs reallege each averment set forth above as if fully rewritten herein.

24.  HVIC has failed to pay the required contributions for the month of January 2021 and all subsequent months.

25.  As a result, Plaintiffs are entitled to liquidated damages and interest arising from contributions which were not timely reported and paid.

26.  Additionally, because of late contributions payments for work performed during July through December 2020, HVIC has accrued liquidated damages totaling $3,190.87.

27.  Defendants' actions are in violation of CBA, Trust Agreement, and Delinquency Policy, and Defendants are therefore liable for liquidated damages and interest pursuant to LMRA § 301, 29 U.S.C. § 185.

**WHEREFORE**, Plaintiffs demand the following relief against Defendants:

A.  An order compelling Defendant to submit true and accurate reports of covered work performed in May 2021 and each subsequent month;

B.  Judgment for unpaid and delinquent contributions owed as a result of work performed January 2021, in the amount of $2,476.98;

C.  Judgment for unpaid and delinquent contributions owed as a result of work performed in May 2021 and each subsequent month, including contributions which should accrue during the pendency of this action, in such amounts as are disclosed by Defendant's reports or records;

D.  Judgment for liquidated damages owed for late contribution payments for work performed during July through December 2020, in the amount of $3,190.87;

5

E. Judgment for interest and liquidated damages on delinquent contributions due for work performed in January 2021 and later, in an amount to be determined;

F. An award of attorney's fees and costs incurred in connection with the collection of the unpaid amounts as provided for by the terms of the CBA, Trust Agreements, Delinquency Policy, and ERISA § 502(g), 29 U.S.C. § 1332(g)(2)(D);

G. An Order retaining jurisdiction over this cause pending compliance with all Orders; and

H. Any other legal or equitable relief which the Court deems just as provided for under ERISA § 502(g), 29 U.S.C. § 1132(g)(2)(E).

Respectfully submitted,

LEDBETTER PARISI LLC

/s/ Thomas R. Kendall
Thomas R. Kendall (IN #26859-15)
5078 Wooster Road, Suite 400
Cincinnati, OH 45226
(937) 619-0900 (ph)
(937) 619-0999 (fax)
tkendall@fringebenefitlaw.com
*Attorneys for Plaintiffs*